

The following constitutes the order of the Court.
Signed: September 12, 2019

_____
**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re | ) Case No.: 10-59531 SLJ |
|  | ) |
|  | ) Chapter 7 |
| MADISYN NORTHEAST, LLC, | ) |
|     Debtor. | ) |
|  | ) |
|  | ) |
|  | ) |

### ORDER DENYING EX PARTE APPLICATION TO REOPEN CASE

Myron Palmore and Carrie Palmore ("Movants") filed an Ex Parte Application to Reopen Case ("Application"), for the purpose of obtaining a ruling on a motion to value collateral and avoid lien filed by Debtor while this case was in chapter 11. The Application is meritless and is denied for the reasons stated below.

Before addressing the substance of this matter, it is important to say that Movants' connection to this case is tenuous. These individuals were not the Debtor (a corporation). Their sole involvement is that prior to the bankruptcy case being filed, Debtor purchased certain real property that had once belonged to Movants but had been lost in a foreclosure sale. Debtor

ORDER DENYING MOTION TO REOPEN

1  purchased that property from the party who purchased it at the foreclosure sale, and filed this

2  bankruptcy case under chapter 11 of the Bankruptcy Code on September 13, 2010.

3      When the bankruptcy case was filed, Debtor claimed ownership of real property located

4  at 3822 Bayra Matias, Stockton, California ("Property"). This is apparently the property that

5  Movants once owned (and, apparently, still inhabit these many years later).

6      Debtor indicated the Property was encumbered by two mortgages: Option One

7  Mortgage and PLM Lender Services, Inc ("PLM"). Debtor filed a motion to value the junior

8  lien of PLM ("Valuation Motion") on the premise that the value of the Property was less than

9  the senior lien. Debtor noticed the Valuation Motion using the Notice and Opportunity for

10  Hearing Procedures set forth in BLR 9014-1(b)(3). Debtor never requested entry of an order of

11  default, so no order was ever issued on the Valuation Motion.

12      Later, on January 6, 2012, the case converted to chapter 7. Pursuant to Debtor's request

13  and without any opposition from the chapter 7 trustee, the court entered an order granting

14  Debtor's motion to compel abandonment of estate's interest in the Property, among others. The

15  case was closed on March 19, 2013.

16      On August 2, 2019, Movants filed the Application. They alleged that they were owners

17  of the Property until it was foreclosed. They further alleged Shaw, Inc. had purchased the

18  Property at the foreclosure sale, and later conveyed the property to Debtor. Movants contend

19  they continue to reside at the Property. Their stated goal in filing this Application is to reopen

20  Debtor's case to obtain an order avoiding the PLM lien based on the original Valuation Motion.

21      After reviewing Movants' initial submission, the court ordered them to file a

22  supplemental brief providing legal authority on Movants' standing to prosecute the Valuation

23  Motion and to address *Dewsnup v. Timm*, 502 U.S. 410 (1992). In that case, the Supreme Court

24  held that a debtor cannot value collateral and strip lien in chapter 7. Movants responded with

25  three arguments (1) it is common practice for parties with same interest to join a motion; (2)

26  Movants intend to file a complaint in intervention; and (3) Movants will seek an order granting

27  the Valuation Motion *nunc pro tunc* to a date prior to the conversion to chapter 7.

28

ORDER DENYING MOTION TO REOPEN

None of these arguments have any merit. Rather, they demonstrate that Movants have a fundamental misunderstanding of the nature of 11 U.S.C. § 506(a) and the mechanics of obtaining relief under that section. Here are the reasons why this motion is not meritorious:

1. <u>No Chapter 11 Plan</u>

A chapter 11 debtor can ask the court to reduce the amount of a lien to the value of the collateral under 11 U.S.C. § 506(a). Sometimes referred to as lien stripping, this is a two-step process. First, pursuant to § 506(a), the court determines what portion of the claim is the creditor's secured claim and what portion is that creditor's unsecured claim. This is based on the value of the collateral. As a matter of federal bankruptcy law, a creditor's allowed claim is a secured claim only to the extent that there is value in the collateral which secures the claim. *In re Martin*, 491 B.R. 122, 125 (Bankr. E.D. Cal. 2013). Second, the debtor then pays that stripped down, "allowed claim" value of the collateral to the lender under a confirmed plan. *Id.* at 126 ("the debtor pays the full amount of the secured claim as determined pursuant to 11 U.S.C. § 506(a) through the terms of the confirmed plan. Upon completion of the [plan] which provides for the § 506(a) determined secured claim, there is no remaining obligation secured by the lien.").

The process requires both the valuation of the collateral and the payment of the lien under a confirmed plan.[1] "Neither the § 506(a) valuation nor confirmation of the bankruptcy plan by the court removes or 'strips' the lien from the property. Rather, upon the completion of the [plan] and payment of the value of the secured claim determined as a matter of federal law under the Bankruptcy Code, there is no obligation remaining to be secured by the lien." *Id.*, at 126; *see also In re Lange*, 120 B.R. 132, 135 (B.A.P. 9th Cir. 1990)("§ 506(d) provides the avoidance consequences of implementing a host of discrete powers conferred in other parts of the Code rather than acting as an avoiding power per se.").

This case is a chapter 7 and there is no chapter 11 plan. Presumably, the lien was never valued nor paid. The lien stripping available in chapter 11 is not available in this case.

---

[1] To the extent there is no value securing the lien, the completion of the plan is still required because the legal basis to modify the lien is premised on § 1123(b)(5).

ORDER DENYING MOTION TO REOPEN

Case: 10-59531   Doc# 223   Filed: 09/12/19   Entered: 09/13/19 09:33:54   Page 3 of 6

1    2. <u>Movants have no Standing to Prosecute the Application</u>

2    At the time this case was filed, Movants were simply the foreclosed owners and

3 holdover tenants in the Property. They were not the debtor, nor the trustee, nor did they even

4 file a claim as creditors. As such, they are virtual strangers to the case and have standing to join

5 or prosecute the Valuation Motion. *See In re Strausbough*, 421 B.R. 423 (Bankr. E.D.Mich.

6 2009)(holding that debtor's non-filing spouse, who owned real property with debtor as tenant

7 by the entireties, did not have standing and therefore could not join in debtor's adversary

8 proceeding to strip off junior lien.).

9    3. <u>No Lien Stripping in Chapter 7</u>

10   This is a liquidation case under chapter 7 because Debtor voluntarily converted it to

11 chapter 7 from chapter 11. Lien stripping is not permitted in chapter 7 cases. *Dewsnup v. Timm*,

12 502 U.S. 410 (1992). Movants present no law that says otherwise.

13   4. <u>No Basis for Nunc Pro Tunc Relief</u>

14   Movants' solution to the prohibition on lien stripping in chapter 7 is to re-write the

15 timeline. They want their request for an order valuing the PLM lien retroactive to the time that

16 Debtor was in chapter 11.

17   Even if such a request were cognizable, a point Movants do not provide any briefing on,

18 two things make it impossible. First, as discussed earlier, lien stripping is a two-step process.

19 The second step is accomplished through the plan pursuant to § 1123(b)(5) and the completion

20 of plan payments. No matter what, Movants will not be able to complete the second step. No

21 chapter 11 plan was proposed, confirmed and completed in this case.

22   The court's Guidelines for Valuing Collateral demonstrate this. Prior to confirmation, a

23 debtor may obtain an order valuing collateral, which is a standard form order containing the

24 following language: "If the debtor's [reorganization] case is dismissed or *converted* to one

25 under another chapter before the debtor completes plan payments, this order shall cease to be

26 effective and the Lien shall be retained to the extent recognized by applicable nonbankruptcy

27 law[.]" (emphasis added). In other words, the retroactive order that Movants sought would be

28

ORDER DENYING MOTION TO REOPEN

-4-

1  ineffective because the case was converted to chapter 7. Movants will never get the Final Order

2  Avoiding Lien they need to accomplish their goal.

3       5.   <u>Abandoned Property Cannot be Valued under § 506(a)</u>

4       Debtor requested and obtained an order compelling the chapter 7 trustee to abandon the

5  Property. Property that is abandoned is not subject to § 506(a). "Upon abandonment under

6  section 554, the trustee is divested of control of the property because it is no longer part of the

7  estate. Thus, abandonment constitutes a divesture of all of the estate's interests in the property.

8  Property abandoned under section 554 reverts to the debtor, and the debtor's rights to the

9  property are treated as if no bankruptcy petition was filed." 5 Collier on Bankruptcy ¶ 554.02

10  (16th ed. 2019). Section 506(a) provides for valuation of creditor's interest in the *estate's*

11  *interest* in the property. But with the Property abandoned, Movants cannot continue to

12  prosecute the Valuation Motion because the estate no longer has an interest in the Property.

13       6.   <u>No Right to Intervene</u>

14       Movants remaining argument is that they can seek intervention pursuant to Civil Rule

15  24, as incorporated by Bankruptcy Rule 7024. A motion to value collateral and avoid a lien is a

16  contested matter under Bankruptcy Rule 9014, and Bankruptcy Rule 7024 does not apply to

17  contested matters. *See* Fed. R. Bankr. P. 9014(c). The case cited by Movants, *In re Bernal*, 223

18  B.R. 542 (B.A.P. 9th Cir. 1998), pertains to an adversary proceeding on the dischargeability of

19  student loans, not a contested matter under Bankruptcy Rule 9014.

20       For these reasons, reopening the case is a futile and unjustified.

21       Accordingly, IT IS HEREBY ORDERED that the Application is DENIED.

22

23                   **\*\*\* END OF ORDER\*\*\***

24

25

26

27

28

ORDER DENYING MOTION TO REOPEN

**COURT SERVICE LIST**

ECF Notifications

Case: 10-59531    Doc# 223    Filed: 09/12/19    Entered: 09/13/19 09:33:54    Page 6 of 6